**D. C. TRANSIT SYSTEM, INC.,**
Petitioner,

v.

**WASHINGTON METROPOLITAN AREA TRANSIT COMMISSION, Respondent.**

**WMA Transit Company, Intervenor.**

No. 10170.

United States Court of Appeals Fourth Circuit.

Argued Feb. 8, 1966.

Decided April 6, 1966.

Manuel J. Davis, Washington, D. C. (Gordon Allison Philips, Trenton, N. J. and Samuel M. Langerman, Phoenix, Ariz., on brief), for petitioner.

Russell W. Cunningham, Gen. Counsel, Washington Metropolitan Area Transit Commission, for respondent.

Stanley H. Kamerow, Washington, D. C. (Allan L. Kamerow, Washington, D. C., on brief), for intervenor.

Before BRYAN and BELL, Circuit Judges, and HUTCHESON, District Judge.

PER CURIAM:

The Washington Metropolitan Area Transit Commission on April 1, 1965 granted the WMA Transit Company a certificate of public convenience and necessity authorizing regular route operations by motor vehicle between Bowie, Maryland and Washington, D. C. and between Carrollton, Maryland and Washington. The D. C. Transit System, Inc., refused the certificate, asks us to review and reverse the Commission's decision.

The power of the Commission to issue the certificate, and our jurisdiction to review its action are provided in the organic Act of September 15, 1960, Public Law 86–794, §§ 4(a) and 17(a), 86th Congress, H.J.Res. 402, 74 Stat. 1031, 1037, 1046, approving the Washington Metropolitan Area Transit Regulation Compact between Maryland, Virginia and the District of Columbia. An exposition of the Commission's functions and operation is given in the opinion of Judge Bell in Alexandria, Barcroft & Washington Transit Co. v. Washington Metropolitan Area Transit Comm'n, 323 F.2d 777, 779 (4 Cir. 1963). Issuance of the certificate was the result of Order No. 465 in Applications Nos. 291 and 293, consolidated Dockets Nos. 68 and 69; Order No. 466 in Applications Nos. 297, 303, 298 and 304, consolidated Dockets 78 and 79; and Order No. 481, denying reconsideration of the foregoing Orders Nos. 465 and 466.

These applications were filed by Atwood Transport Lines, Inc. (No. 291, Docket No. 68), WMA Transit Company (No. 293, Docket No. 69) and D. C. Transit Company, (Nos. 297 and 303, Docket No. 78; Nos. 298 and 304, Docket No. 79). Each application sought a certificate for the establishment, by the applicant only, of a route or routes between the points just named, that is the District of Columbia and the urban areas in Prince Georges County, Maryland, to the northeast of Washington. Specifically, Atwood sought to take over the existing operations of Greyhound Lines, Inc., essentially between these same termini. As D. C. Transit already held an exclusive franchise within Washington proper, under an Act of Congress, P.L. 757, 84th Congress, Act of July 24, 1956, 70 Stat.

598, none of the other applicants requested an intra-District passenger privilege.

Order 465 denied Atwood's application and granted WMA's, Dockets 68 and 69 respectively. They were heard together. In this proceeding D. C. Transit had protested the applications of both Atwood and WMA, and the latter two were protestants inter se. Greyhound had supported Atwood.

Subsequently, the Commission heard the request of D. C. Transit presented in its four applications already enumerated. WMA protested them. Obviously, this became a contest between D. C. Transit and WMA to gain the Washington-Carrollton-Bowie channel of travel. D. C. Transit contended that an award to WMA would mean an encroachment upon its franchise in Washington and also an unjustified duplication of its services to and from the Maryland sectors. WMA insisted that its application would provide a normal and logical extension of its present service.

WMA prevailed. The Commission found, in Order 466, the current service of Greyhound inadequate, that public convenience and necessity required this additional transportation and that WMA was able to perform it. Decisively, it concluded that "as between WMA and D. C. Transit, WMA is the logical and appropriate carrier to institute and render the proposed service". These conclusions were detailed, with sound, sustaining reasons, in the opinions accompanying the Commission's orders now on review. The overriding and primary ground of decision was that the area of service was more closely related to WMA's provinces of patronage, than to D. C. Transit's, and would promote an advisable integration of service. The Commission recognized the preemptive right of Greyhound to attempt an enlargement of its service to correct the existing deficiency, but Greyhound declined the option.

The judicial review permitted by the Compact is limited "as to the facts" to an ascertainment of whether the finding of the Commission is supported by substantial evidence; if it is, the finding is conclusive. Section 17(a), 74 Stat. 1046. Petitioner D. C. Transit has failed to persuade us that the Commission is not so supported in finding that public convenience and necessity demand the establishment of the transportation proposed here, and that it can best be supplied by WMA.

The only question of law is whether the certification of WMA entrenches upon the franchise held by D. C. Transit in the District of Columbia. The Commission, we think, correctly decided this point in holding that D. C. Transit's exclusive franchise is limited to passenger transport between stops within the District of Columbia, and that the rights accorded WMA do not trespass upon this franchise, since WMA is not allowed to engage in carriage of persons intra-Washington.

Upon the opinion and findings of the Commission, we affirm its orders in this case, and deny and dismiss the petition of D. C. Transit to reverse, vacate and set aside these orders.

Petition denied and dismissed.